# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JASON WILSON,

   Petitioner,

v.

MIKE ADDISON, Warden,

   Respondent.

Case No. CIV-11-016-RAW-KEW

## ORDER

  On February 24, 2014, the United States Magistrate Judge filed a Report and Recommendation, recommending that this action (commenced by the Petitioner Wilson's filing of a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254) be in all respects dismissed. On March 10, 2014, Petitioner filed an objection to the R&R, arguing that under two recent United States Supreme Court opinions, Missouri v. Frye, 132 S.Ct. 1399 (2012) and Lafler v. Cooper, 132 S.Ct. 1376 (2012), his Petition should be granted.

  Petitioner's second claim for relief is based on his allegation that his counsel was ineffective for advising him to decline the State's first plea offer for a five-year probation term. It has long been established that claims of ineffective assistance of counsel during the plea-bargaining process are governed by the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Padilla v. Kentucky, 559 U.S. 356 (2010); Hill v. Lockhart, 474 U.S. 52 (1985). To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687.

  Frye involved a defendant whose attorney did not inform Frye of two plea offers. Frye, 132 S.Ct. at 1404. The offers then expired. Id. The Supreme Court found that the attorney's

failure to communicate the offers to Frye was deficient. Id. at 1408. Petitioner's case is clearly distinguishable from Frye, as his attorney informed him of the State's plea offers.

Like the case before the court, Lafler involved a defendant whose attorney advised him against accepting a plea offer. Lafler, 132 S.Ct. at 1384. In Lafler, however, the parties agreed that Lafler's attorney's performance was deficient; thus, the Supreme Court did not address the first prong of the Strickland test. Id. Additionally and more importantly, in Lafler, the state court adjudication was contrary to clearly established federal law, as it failed to apply the Strickland test "to assess the ineffective-assistance-of-counsel claim respondent raised." Id. at 1390.

Petitioner's case, therefore, is quite distinguishable from Lafler. The parties do not agree that Petitioner's attorney was deficient. Moreover, the Oklahoma Court of Criminal Appeals (hereinafter "OCCA") applied the Strickland test and found that Petitioner's counsel's "decisions regarding the defense to pursue at trial, her advice to reject the State's plea offers and to waive lesser included offense instructions, were reasonable strategy decisions under the circumstances." Wilson v. Oklahoma, No. F-2008-1157, slip. op. at 3 (Okla. Crim. App. June 4, 2010).

Nevertheless, Petitioner argues that the OCCA applied Strickland unreasonably when it determined that his counsel's advice was not deficient. He argues that like Lafler's attorney, his counsel relied on an incorrect rule of law when she advised him to reject the plea offer. The court disagrees. In Lafler, the parties agreed that Lafler's attorney relied on an incorrect rule of law when she advised him "that the prosecution would be unable to establish his intent to murder Mundy because she had been shot below the waist." Lafler, 132 S.Ct. at 1383.

While the facts are similar here, they are not the same. There is no evidence that

2

Petitioner's counsel believed or advised him, as he insinuates, that the screwdriver could not be a dangerous weapon. Instead, Petitioner's counsel attempted to prove that Petitioner did not use or intend to use the screwdriver as a deadly weapon, directing the jury's attention to the minimal injuries suffered by his victim. Petitioner's counsel did not rely on an incorrect rule of law, but rather used a reasonable strategy that failed.

Furthermore, even if Petitioner received deficient counsel, he has not established prejudice. Specifically, he has not demonstrated that the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it "and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Beck v. Rudek, 507 Fed.Appx. 803, 804 (10th Cir. 2013) (citing Lafler, 132 S.Ct. at 1385 and Frye, 132 S.Ct. at 1409). In fact, Petitioner's second offer from the prosecution came in less than six weeks after the first and was for a 30 year sentence. Moreover, especially given the nature of the assaults against the victims, Petitioner has not established that it is reasonably probable that the first plea offer terms would have been accepted by the trial court.

After a *de novo* review, the court will follow the recommendation of the Magistrate Judge. The Report and Recommendation of the Magistrate Judge, as supplemented by this Order, is hereby AFFIRMED and ADOPTED as this court's Findings and Order. Accordingly, Petitioner Wilson's Petition pursuant to 28 U.S.C. § 2254 is hereby DISMISSED.

IT IS SO ORDERED this 31st day of March, 2014.

Ronald A. White
United States District Judge
Eastern District of Oklahoma